IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01347-WYD-BNB

CHRISTINA RILEY, and
JACQUELINE OVERTURF,

Plaintiffs,

v.

RUSSELL E. ROLLISON,
STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY,
GIL WALKER,
STEVE HARGETT,
GRW, a corporation,
JOHN DOES 1-25, and
JANE DOES 1-25,

Defendants.

_____

# ORDER
_____

This matter is before me on the **Defendant State of Hawaii Department of Public Safety's Motion to Stay Proceedings Pending Determination of Eleventh Amendment Immunity** [Doc. # 7, filed 8/8/2006] (the "Motion"). The Motion is DENIED for failure meaningfully to comply with the meet and confer requirements of D.C.COLO.LCivR 7.1A.

The Motion seeks a stay of proceedings until the court rules on a pending motion to dismiss. Local rule of practice 7.1A, D.C.COLO.LCivR, requires:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall

> state in the motion, or in a certificate attached to the motion, the
> specific efforts to comply with this rule.

Here, the Motion indicates that on August 7, 2006, at 2:10 p.m., counsel for the State of Hawaii sent an e-mail to plaintiffs' counsel. The motion was filed the next day, on August 8, 2006. A single e-mail, sent the day before a motion is filed, does not constitute "good faith efforts to confer with opposing counsel" as required by the local rule. See Hoelzel v. First Select Corp., 214 F.R.D. 634, 635-36 (D. Colo. 2003).

IT IS ORDERED that the Motion is DENIED.

Dated August 9, 2006.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge