IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01347-WYD-BNB

CHRISTINA RILEY and
JACQUELINE OVERTURF,

 Plaintiff(s),

v.

RUSSELL E. ROLLISON;
STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY;
GIL WALKER, individually and in his Capacity as Chief Executive Officer of GRW Corporation;
STEVE HARGETT, individually and in his Capacity as Vice President of Operations of GRW Corporation;
GRW, a corporation;
John Does 1-25; and
Jane Does 1-25,

 Defendant(s).

# ORDER

I.  <u>INTRODUCTION</u>

  THIS MATTER is before the Court on the following motions: Motion to Dismiss Plaintiffs' Complaint From State of Hawaii Department of Public Safety [# 6], filed August 4, 2006, and Motion to Dismiss Plaintiffs' Complaint From Defendants Gil Walker, Steve Hargett, and GRW [# 14], filed August 10, 2006.  By way of background, Plaintiff asserts ten claims for relief against five named Defendants and numerous unnamed Defendants.  For each claim, Plaintiff requests compensatory, special, exemplary, and punitive damages as a result of the Defendants' alleged unlawful

conduct. (Compl. ¶¶ 21-62.) For the reasons set forth below, the Motion to Dismiss Plaintiffs' Complaint From State of Hawaii Department of Public Safety [# 6], filed August 4, 2006, is GRANTED, and the Motion to Dismiss Plaintiffs' Complaint From Defendants Gil Walker, Steve Hargett, and GRW [# 14], filed August 10, 2006, is GRANTED in part and DENIED in part.

II.     FACTUAL BACKGROUND

Plaintiffs Christina Riley and Jacqueline Overturf seek relief under 42 U.S.C. § 1983, alleging that the Defendants violated their constitutional rights secured by the Fourteenth Amendment. The Plaintiffs also allege claims arising under state law. It should be noted that on August 4, 2006, Defendant State of Hawaii Department of Public Safety filed its Motion to Dismiss Plaintiffs' Complaint [# 6], and on August 10, 2006, Defendants Gil Walker, Steve Hargett, and GRW filed their Motion to Dismiss Plaintiffs' Complaint [# 14]. Plaintiffs have not responded to either motion.

Plaintiffs' claims arise from their incarceration at the Brush Correctional Facility in Brush, Colorado which is a private facility that is owned and operated by GRW, a corporation. According to the pleadings, the State of Hawaii Department of Public Safety entered into a contract with GRW to house female inmates at the facility in Brush, Colorado. In January, 2005 the Plaintiffs were sentenced in Hawaii state courts and transferred to the Brush Correctional Facility. While incarcerated at the Brush facility, the Plaintiffs allege they were sexually assaulted and harassed by Defendant Rollison, a correctional officer. The Plaintiffs further allege that once they reported the assault, the prison staff harassed and retaliated against them.

III.    ANALYSIS

    A.    STANDARD OF REVIEW

In construing a motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to FED. R. CIV. P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)). "A motion to dismiss under Rule 12(b) 'admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.'" *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)(quoting *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)).

If, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiff, it appears beyond doubt that no set of facts entitle plaintiff to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc. v. Am. Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

    B.    MOTION TO DISMISS PLAINTIFFS' COMPLAINT FROM STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY

Plaintiffs have filed two claims against the Defendant State of Hawaii Department of Public Safety including a state law claim of assault and battery and a claim for punitive damages. First, the Defendant moves to dismiss Plaintiffs' claim for assault and battery on the grounds of governmental immunity. Specifically, the

Defendant argues that the claim is barred under the Hawaiian State Tort Liability Act ("HSTLA")[1]. I agree.

Under Hawaii law, "[t]he State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." HSTLA; Haw. Rev. Stat. § 662-2. "The effect of the [HSTLA] is to waive immunity from traditionally recognized common law causes of action in tort, other than those expressly excluded. It was not intended to visit the sovereign with novel liabilities." *Figueroa v. State*, 604 P.2d 1198, 1207 (Haw. 1979). However, claims for assault and battery are expressly excluded from the waiver of immunity. Haw. Rev. Stat. § 662-15 reads in pertinent part: "[t]his chapter shall not apply to . . . any claim arising out of assault, battery . . . ." Under the HSTLA, the State of Hawaii's sovereign immunity is not waived for tort claims of assault and battery. Therefore, I find that Plaintiffs' claim for assault and battery against Defendant State of Hawaii Department of Public Safety should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Second, the Defendant moves to dismiss Plaintiffs' claim for punitive damages. Specifically, the Defendant argues that Plaintiffs' request for punitive damages is not an independent claim and is also barred under the Hawaiian State Tort Liability Act

---

[1] The Court is applying Hawaii tort law for purposes of Defendant State of Hawaii's Motion to Dismiss because of Plaintiffs' reliance on the HSTLA in the Complaint. (Compl. ¶ 13.) However, Plaintiffs' assault and battery claim would also be barred under Colorado Law. Colo. Rev. Stat. §§ 24-10-101, 106.

("HSTLA").  I agree.  Plaintiffs assert a claim for punitive damages in claim ten of the Complaint.  In *Jackson v. Johns*, 714 F. Supp. 1126, 1131 (D. Colo. 1989), this Court held that "[a] request for punitive damages is not a separate claim for relief but rather, is a prayer for damages."  Therefore, Plaintiffs' claim for punitive damages set forth in claim ten of the Complaint is dismissed as to all Defendants.  In light of my findings, it is unnecessary for me to consider Defendant State of Hawaii Department of Public Safety's other arguments regarding supplemental jurisdiction, and whether the Eleventh Amendment bars this action.

      C.      MOTION TO DISMISS PLAINTIFFS' COMPLAINT FROM DEFENDANTS GIL WALKER, STEVE HARGETT, AND GRW, A CORPORATION

           1.      Plaintiffs' Claims Under 42 U.S.C. § 1983

Plaintiffs allege the following constitutional violations under 42 U.S.C. § 1983 against Defendants Walker, Hargett, and GRW, a corporation: (1) unconstitutional retaliation; (2) failure to monitor, supervise, and discipline; (3) and failure to properly screen and hire.  The Defendants move to dismiss Plaintiffs' claims for failure to exhaust administrative remedies.  Specifically, the Defendants argue that the Plaintiffs, prison inmates alleging claims arising from prison conditions, are required to comply with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing suit under 42 U.S.C. § 1983.  In light of a recent Supreme Court decision, I disagree.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C § 1997e(a). The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits by (1) allowing prison officials the opportunity to address inmates' complaints; (2) filtering out frivolous claims; and (3) creating an administrative record to facilitate the litigation process. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Relevant to the facts of the instant case, the requirements set forth by the PLRA apply both when the prisoner is housed in a privately operated facility and when a prisoner is seeking only money damages. *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002); *Booth v. Churner*, 532 U.S. 731, 734 (2001). Previously, the Tenth Circuit held that in order for a prisoner to comply with the PLRA, she must submit a statement of her claim and "either attach copies of administrative proceedings or describe their disposition with specificity." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003)(reversed by *Jones v. Bock*, No. 05-7058, 2007 (S.Ct. January 22, 2007)). However, in a recent decision, the Supreme Court held that ". . . failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, No. 05-7058, 2007 (S.Ct. January 22, 2007).

     In the case at hand, the two Plaintiffs were prisoners at the Brush Correctional Facility, a private detention facility, when they asserted their claims against the Defendants. Plaintiffs' claims for damages arise out of alleged Constitutional violations under 42 U.S.C. § 1983 regarding prison conditions. The Plaintiffs neither attach nor mention any information regarding the exhaustion of administrative remedies under the

PLRA in their Complaint. Further, Plaintiffs have not responded to Defendants' motion to dismiss. However, in light of the Supreme Court's recent opinion, I find that the Plaintiffs are not required to specifically plead or demonstrate exhaustion in their Complaint. Thus, it would be improper to dismiss these claims under the PLRA.

2.  Plaintiffs' State Law Claims

Plaintiffs' Complaint alleges the following claims arising under state law: (1) assault and battery; (2) negligent hiring and supervision; and (3) respondeat superior. (Compl. ¶¶ 49-54.) In their motion, the Defendants argue that Plaintiffs' state law claims are barred by the Colorado Governmental Immunity Act ("CGIA"). I agree. "A public employee is immune from all claims that lie or could lie in tort, unless the claim falls within one of the six limited areas for which immunity has been waived or unless the act or omission causing the injury was willful and wanton." *Moody v. Ungerer*, 885 P.2d 200, 204 (Colo. 1991) (citing Colo. Rev. Stat. § 24-10-118(2)). Colo. Rev. Stat. § 24-10-110(5)(a) provides that in actions "in which allegations are made that an act or omission of a public employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint." "Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted." Colo. Rev. Stat. § 24-10-110(5)(b).

Turning to my findings, the CGIA contains no waiver for claims of assault and battery, negligent hiring or supervision of prison employees without a factual basis that an act or omission to act was willful and wanton. I find that in their Complaint, Plaintiffs

failed to allege facts on the part of the Defendants that, if accepted as true, adequately assert willful and wanton misconduct.  Further, the Plaintiffs failed to respond to Defendants' motion to dismiss.  Accordingly, I find that Plaintiffs' claims for assault and battery, negligent hiring or supervision of prison employees against Defendants Walker, Hargett, and GRW should be dismissed under the CGIA for failure to state a claim.

In light of my decision to dismiss Plaintiffs' state claims, it is unnecessary for me to consider the Defendants' remaining arguments regarding failure to state a claim and supplemental jurisdiction.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that the Motion to Dismiss Plaintiffs' Complaint From State of Hawaii Department of Public Safety [# 6], filed August 4, 2006, is **GRANTED.**  It is

FURTHER ORDERED that Plaintiffs' claim of assault and battery against the Defendant State of Hawaii Department of Public Safety is **DISMISSED**.  It is

FURTHER ORDERED that the Motion to Dismiss Plaintiffs' Complaint From Defendants Gil Walker, Steve Hargett, and GRW [# 14], filed August 10, 2006, is **GRANTED IN PART AND DENIED IN PART**.  It is

FURTHER ORDERED that Plaintiffs' state law claims for assault and battery, negligent hiring and supervision, and respondeat superior against Defendants Walker, Hargett, and GRW are **DISMISSED.**  It is

FURTHER ORDERED that Plaintiffs' claim for punitive damages improperly set

forth in Count Ten of the Complaint is **DISMISSED** as to all Defendants.

Dated:  January 31, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge